Mitchell J. ALSTER, Plaintiff-Appellant,

v.

ALSTER AND ASSOCIATES, INC., Alster and Associates, Carl J. Alster, Defendants-Appellees.

No. 14040.

United States Court of Appeals Seventh Circuit.

June 5, 1963.

Rehearing Denied July 26, 1963.

Mitchell J. Alster, Chicago, Ill., for appellant.

Jesse H. Brown, Chicago, Ill., for appellees.

Before DUFFY and KILEY, Circuit Judges, and MERCER, District Judge.

KILEY, Circuit Judge.

This is a diversity breach of contract action tried to the court without a jury.

---

Plaintiff appeals from a judgment for defendant.

Mitchell Alster, plaintiff, a structural engineer licensed in Illinois, and Carl Alster, for the defendant corporation, in an exchange of letters in August and September, 1955, confirmed a prior verbal agreement effective May 1, 1955. Under the agreement plaintiff was appointed vice president of the corporation and manager of its Chicago office at an annual salary of $10,000 and 50% of the profits on architectural and engineering work secured by him for the corporation. The term was one year from May 1, 1955, and at the end of that year "if * * * I have not proven that my connection * * * justifies my employment * * * the company will no longer have obligation to retain my services." Plaintiff assumed responsibility for success of the Chicago office with the help of the corporation's Washington office "available and ready to assist."

November 9, 1955, the corporation assigned the contract to the sole proprietorship, Alster and Associates. Thereafter until February 6, 1956, plaintiff's salary and expenses were paid by the proprietorship. November 17, 1955, plaintiff and Carl Alster met upon the latter's objections to plaintiff's management. Negotiations to resolve difficulties failed, and they met again on February 6, 1956, to settle their differences.

The principal factual issue in the pleadings and at the trial was whether defendants, by the "assignment" of the contract on November 1, 1955, breached the contract.

The court, after an extensive trial with virtually no controverted evidence, found that the purported assignment of the contract by defendant corporation to the proprietorship of Carl Alster was void, because Carl Alster was not licensed by the Department of Registration and Education as a structural engineer and accordingly was unauthorized by the terms of the Illinois Structural Engineering Act [1] to serve as "employer." The court, however, found that the void assignment did not affect the relationship of the parties to the original contract; and that plaintiff took work in his own name commencing in November of 1955 and when faced with Carl's knowledge of this fact plaintiff on February 6, 1956, agreed to a discharge of his employment contract and a substitution of a new contract. The court concluded plaintiff had failed to prove a breach of the original contract on November 1, 1955, as alleged in his Fourth Amended Complaint, and that he should take nothing by his suit.

The question is whether there is substantial evidence to support the findings of the District Court, and whether the conclusion is erroneous. We are not concerned with the weight of the evidence nor with inferences opposed to those of the District Court. There is a substantial basis in the virtually undisputed evidence for these findings and they are not clearly erroneous. And the conclusion, based on the findings, that plaintiff failed to prove the alleged breach on November 1, 1955, is not erroneous. These considerations dispose of the contentions as to the alleged breach of contract and that plaintiff continued working under the original contract until April 30, 1956.

We have considered plaintiff's arguments with respect to his statement of

1. "It is unlawful for any person to practice, or to attempt to practice, structural engineering, without a certificate of registration as a registered structural engineer, issued by the Department of Registration and Education, pursuant to the provision of 'An Act in relation to the civil administration of the State government, and to repeal certain Acts therein named' * * *. It shall be lawful, however, for a corporation to prepare drawings, plans and specifications for buildings and structures, as defined in section 2 of this Act, which are constructed, erected, built or their construction supervised by the corporation, if the chief executive officer or managing agent of the corporation in this State is a registered structural engineer." Chapter 131½, 1961 Illinois Revised Statutes.

findings.[2] There is no merit in the contentions that presuppose a breach of the original contract. Those contentions fall with our conclusion sustaining the District Court's decision that there was no breach. We see no merit either in the contention that the void assignment was a device to circumvent the performance by plaintiff of the contract for a year, since we have concluded the District Court did not err in deciding that the parties by agreement discharged that contract February 6, 1956.

All points raised have been considered. The judgment is affirmed.

2. Plaintiff's arguments, lettered by him A to Z through AA, and phrased by him in terms of his interpretation of the court's findings, express and implied, are summarized as follows:

Points A to E argue, in various ways, that the District Court was correct in holding that the assignment to the proprietorship was void. Points F and G argue that plaintiff could not waive a violation of statute. Point H argues that defendants breached a contract. Point I argues that ignorance of law is no defense. Points J, O, P, R, V and Y are arguments of an evidentiary nature favoring plaintiff. Point K argues that plaintiff was free to take business in his own name. Points L, M, S, and T argue, in various ways, that there was no contractual discharge. Points N and Q argue that the contract remained in effect. Point U is an argument on damages. Point W argues that the court allowed wrongful use of corporate entities. Point X argues that business was successful prior to litigation, and Points Z and AA argue that this was a real dispute, not a mere family quarrel.